E-FILED
Wednesday, 15 April, 2026  10:51:09 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LEE HENRY LOUIS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  26-2033-SEM |
| | ) | |
| | ) | |
| QUALITY CORRECTIONAL | ) | |
| HEALTH CARE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Plaintiff Lee Henry Louis Brown's motion for leave to file a Second Amended Complaint.

During the time relevant to his proposed Second Amended Complaint, Plaintiff was a detainee at the Macon County Jail ("the Jail"). Plaintiff is no longer incarcerated anywhere.

On January 28, 2026, Plaintiff filed this case under 42 U.S.C. § 1983 alleging a violation of his Constitutional rights. Before the Court could conduct the merit review that is required by 28 U.S.C. § 1915A of Plaintiff's Original Complaint, Plaintiff filed a motion seeking leave to file a First Amended complaint. Therefore, the

1

Court conducted a merit review of Plaintiff's proposed First Amended Complaint. *Id.*

Upon conducting that merit review, the Court found that Plaintiff's First Amended Complaint did not state a claim upon which relief could be granted. Most notably, the Court found that Plaintiff had failed to identify a person who could be sued and who was amenable to this § 1983 lawsuit. Accordingly, the Court gave Plaintiff leave to file a Second Amended Complaint that complied with the dictates contained within the Court's Order. Plaintiff has now filed a proposed Second Amended Complaint in which he attempts to correct the deficiencies noted by the Court in the Court's March 25, 2026 Order.

In his Second Amended Complaint, Plaintiff alleges that, during his arrest, the arresting officers used a taser on him. Plaintiff claims that he was injured when the arresting officers used a taser on him. Once Plaintiff arrived at the Jail, Plaintiff claims that he asked for medical assistance from the medical staff at the Jail: Tomika Rehmann, Ashley Van Loenen, Cassandra Fear, and Andrea Gray. Rather than provide proper medical care to Plaintiff, Plaintiff avers that these four medical personnel would only provide over-the-counter medication to Plaintiff. Plaintiff alleges that the

over-the-counter medication did not help his condition. Instead, Plaintiff claims that the medications given to him by these four individuals caused him to experience gastrointestinal issues. Plaintiff contends that he informed these four individuals that the over-the-counter medication was causing him to experience gastrointestinal issues and was not helping his medical condition. Nevertheless, these four individuals refused to provide any other medical care to Plaintiff.

The Court finds that Plaintiff's Second Amended Complaint states a medical claim against Tomika Rehmann, Ashley Van Loenen, Cassandra Fear, and Andrea Gray for violating his Fourteenth Amendment Due Process rights when he was a detainee at the Jail.

**IT IS, THEREFORE, ORDERED:**

1.    Plaintiff's motion for leave to file a Second Amended Complaint [9] is GRANTED.

2.    Pursuant to its merit review of the proposed amended complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Second Amended Complaint states a medical claim against Tomika Rehmann, Ashley Van Loenen, Cassandra Fear, and Andrea Gray for violating his Fourteenth Amendment Due Process rights when

he was a detainee at the Jail. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3.    The Clerk of the Court is directed to add Tomika Rehmann, Ashley Van Loenen, Cassandra Fear, and Andrea Gray as party Defendants in this case and, thereafter, to attempt to effect service of process on Tomika Rehmann, Ashley Van Loenen, Cassandra Fear, and Andrea Gray pursuant to the Court's standard procedures.

4.    The Clerk is further directed to dismiss all other named Defendants because Plaintiff's Amended Complaint fails to state a claim against these Defendants upon which relief can be granted or because Plaintiff did not include those Defendants as Parties in his Second Amended Complaint. 28 U.S.C. § 1915A; Fed. R. Civ. P. 12(b)(6).

5    This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6.    The Court will attempt to effect service on Defendants by mailing a waiver of service to Defendants. Defendants have sixty (60) days from the date the waiver is sent to file an answer. If Defendants have not filed an answer or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

7.    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8.    Defendants shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate

5

under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

9.   This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

10.    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11.    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12.    If a Defendant fail to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

13.    The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 15th day of April, 2026

_/s    Sue E. Myerscough_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE

7